UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO FILHO,<br><br>    Plaintiff,<br><br>v.<br><br>KAREN GANSEN,<br><br>    Defendant. | Case No. 4:18-cv-00337-KAW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 30 |

On April 12, 2018, Defendant Karen Gansen filed a motion to dismiss Plaintiff Roberto Filho's first amended complaint.

On May 31, 2018, the Court held a hearing, and, after careful consideration of the parties' arguments and moving papers, and for the reasons set forth below, the Court GRANTS Defendant's motion to dismiss with leave to amend.

## I. BACKGROUND

Plaintiff Roberto Filho alleges that he was unlawfully discriminated against by Defendant Karen Gansen based on disability, in violation of the Fair Housing Act ("FHA"). The First Amended Complaint appears to assert a single cause of action for violation of the FHA. Plaintiff is a resident of the William Penn Hotel, which is managed by the Chinatown Community Development Center. Plaintiff alleges that he is a physically disabled person and that Defendant discriminated against him by making statements that he was mentally ill, accusing him of substance abuse, posting discriminatory advertisements and notices, illegally entering his room, and failing to make a reasonable accommodation for his physical disabilities by refusing to provide him with a private bathroom. (First Am. Compl., "FAC," Dkt. No. 24 at 3-13.) Plaintiff also alleges that Defendant's employees and other tenants physically and verbally attacked him

1 and his service animal. *Id.*

2 Plaintiff filed his original complaint on January 16, 2018. Defendant filed a motion to dismiss on February 26, 2018. On April 2, 2018, thirty-five days after Defendant filed her motion to dismiss, Plaintiff filed his First Amended Complaint without leave of court and without written consent from Defendant.

On April 12, 2018, Defendant filed a motion to dismiss the first amended complaint. (Def.'s Mot., Dkt. No. 30.) On April 26, 2018, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 33.) On April 30, 2018, Defendant filed a reply. (Def.'s Reply, Dkt. No. 35.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

## III. DISCUSSION

As an initial matter, the undersigned will not dismiss the first amended complaint based solely on Plaintiff's failure to obtain leave of court prior to filing the first amended complaint, because he is pro se. The Court will not be so generous going forward, so Plaintiff is advised that

he is responsible for knowing the Federal Rules of Civil Procedures, the Civil Local Rules, and the undersigned's standing orders, and that the failure to comply with any of these rules in the future may result in his case being dismissed.

Alternatively, Defendant moves to dismiss the first amended complaint on the grounds that it runs afoul of Federal Rules of Civil Procedure 8 and 10, and that it fails to state a cause of action for violation of the FHA. (Def.'s Mot. at 6-7.)

### A. Failure to Satisfy Pleading Standards

Defendant moves to dismiss on the grounds that the first amended complaint fails to satisfy Rule 8. (Def.'s Mot. at 6.) Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). Here, the operative complaint does not clearly identify the purported claims, violations, or even provide a formulaic recitation of the elements of each cause of action, which would still be insufficient to withstand a motion to dismiss under Rule 12(b)(6). See *Twombly*, 550 U.S. at 555.

The operative complaint also does not plainly and succinctly identify the transaction or occurrence giving rise to each legal claim and the facts that support the elements of that claim. For example, the rambling nature of the complaint makes it difficult to determine which type or types of FHA violations Plaintiff is attempting to allege: disparate treatment, disparate impact, or failure to provide a reasonable accommodation. As such, the complaint fails to plead sufficient facts of Defendant's purported wrongdoing to provide fair notice of the claims alleged against her and the grounds upon which those claims rest.

Accordingly, as currently pled, the first amended complaint is insufficient and must be amended to comply with the *Iqbal-Twombly* pleading standard. The second amended complaint should clearly delineate each legal claim, and state facts indicating the nature and grounds for each claim. Specifically, each cause of action should clearly state the alleged violation, the statutory authority, the date or approximate dates on which the incident(s) occurred, who was involved, the facts, and how the claim satisfies the elements rendering it a viable cause of action.

Additionally, the amended complaint must also comport with Rule 10(b) of the Federal Rules of Civil Procedure, such that each paragraph must be separately numbered. Plaintiff's first

1 amended complaint runs afoul of this requirement.

### B.  Failure to State a Claim under Rule 12(b)(6)

Defendant moves to dismiss the complaint on the grounds that the single cause of action for violation of FHA is insufficiently pled. (Defs.' Mot. at 7.)  In opposition, Plaintiff contends only that he "filed the first amended complaint correctly and asks the court that if the court sees that changes need to be made[,] that the court grant[] the plaintiff [leave] to amend the first amended complaint[.]" (Pl.'s Opp'n at 2.)

Courts apply the Title VII discrimination analysis in examining FHA discrimination claims. *Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th Cir. 1997).  Thus, a plaintiff alleging discrimination under the Fair Housing Act Amendments ("FHAA"), must state a claim by showing disparate treatment, disparate impact or the failure to provide a reasonable accommodation. *Gamble,* 104 F.3d 304-05.  Here, it is unclear whether Plaintiff is alleging violations under disparate treatment or disparate impact, despite his description of being verbally harassed by staff and his use of the terms "disparate treatment" and "disparate impact," which are not used correctly, nor are they not accompanied by facts that would state a cognizable cause of action. (*See* FAC at 6, 10.)

Plaintiff does, however, allege that the failure to provide a private bathroom as a reasonable accommodation is a violation of the Fair Housing Act.  In order to state a discrimination claim under the FHAA for failure to reasonably accommodate, Plaintiff must allege that (1) he suffers from a disability as defined by the FHAA; (2) Defendant knew or reasonably should have known of his disability; (3) accommodation of the disability may be necessary to afford him an equal opportunity to use and enjoy his dwelling; and (4) Defendant "refused to make such accommodation." *McGary v. City of Portland*, 386 F.3d 1259, 1262 (9th Cir. 2004)(quoting *Giebeler v. M&B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003)). Here, Plaintiff alleges that he suffers from disabilities, that Defendant knew of his disabilities, that he requires a private bathroom as a reasonable accommodation, and that Defendant refused a reasonable accommodations request for a room with a private bathroom. (FAC at 8.)  It is also unclear how the alleged treatment of Plaintiff's service animal relates to his failure to accommodate claim,

4

1 especially since his dog is allowed to reside with him, and emotional support animals are covered
2 by the FHA. U.S. HOUS. & URBAN DEV., NOTICE NO. FHEO-2013-01, SERVICE ANIMALS AND
3 ASSISTANCE ANIMALS FOR PEOPLE WITH DISABILITIES IN HOUSING AND HUD-FUNDED PROGRAMS
4 (APR. 25, 2013).

Defendant contends that the claim must be dismissed, however, because Plaintiff does not allege that there was an available unit with a private bathroom for him to move into. (Def.'s Mot. at 10.) Stating a prima facie case at this juncture, however, is not required, as "[t]he threshold for pleading discrimination claims under the FHAA is low." *McGary*, 386 F.3d at 1262. Even so, the operative complaint's lengthy narrative format makes it impossible to ascertain which specific facts pertain only to the failure to accommodate cause of action, and which facts pertain to other causes of action, if any, or if those facts are not relevant to the instant lawsuit. For example, the undersigned is unsure how the actions of other tenants impute liability on Chinatown Community Development Center, and it is Plaintiff's responsibility to clearly identify his claims and to explain his theories of liability. Thus, Plaintiff's FHA claim must be dismissed on the grounds that the claim, as a whole, violates Rule 8(a), as it is not "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.; see* discussion *supra* Part III.A.

Accordingly, the first amended complaint is dismissed with leave to amend. In amending, Plaintiff is permitted to allege separate FHAA claims for disparate treatment, disparate impact, and failure to accommodate, but must clearly provide facts in support of each type of claim, and must do so in numbered paragraphs. He is encouraged to contact the Federal Pro Bono Project's Help Desk to make an appointment by calling (415) 782-8982. This is a free service to pro se litigants, in which a licensed attorney may assist him in amending his complaint and identifying which types of FHAA claims are actionable. Plaintiff is advised that the Help Desk attorneys do not provide legal representation.

### IV.    CONCLUSION

In light of the foregoing, the Court GRANTS Defendant's motion to dismiss with leave to amend. Plaintiff shall file a second amended complaint on or before **July 18, 2018**, which must clearly specify the facts supporting each cause of action. The failure to timely file a second

amended complaint that complies with this order will result in the dismissal of this action. In amending his complaint, Plaintiff is encouraged to make an appointment with the Federal Pro Bono Project's Help Desk by calling (415) 782-8982. He should bring a copy of the first amended complaint and this court order to his appointment.

Plaintiff is further advised that he is not suing the correct entity, as Ms. Gansen does not own the Chinatown Community Development Center. Thus, in the second amended complaint, Plaintiff should name the Chinatown Community Development Center as the defendant, and any other entity or person he intends to allege is liable for his damages.

Plaintiff should be aware that an amended complaint will supersede or replace the original complaint and the original complaint will thereafter be treated as nonexistent. *Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005). The second amended complaint must therefore be complete in itself without reference to the prior or superseded pleading, as "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

Additionally, the case management conference scheduled for July 17, 2018 is continued to September 18, 2018 at 1:30 p.m. Case management conference statements are due by September 11, 2018.

IT IS SO ORDERED.

Dated: June 4, 2018

KANDIS A. WESTMORE
United States Magistrate Judge

6