UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO FILHO,<br><br>            Plaintiff,<br><br>   v.<br><br>KAREN GANSEN,<br><br>            Defendant. | Case No. 4:18-cv-00337-KAW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A RESTRAINING ORDER; ORDER DENYING MOTION TO COMPEL**<br><br>Re: Dkt. No. 34 |

On April 26, 2018, Plaintiff Roberto Fihlo filed a motion for a restraining order. On May 31, 2018, the Court held a hearing concurrently with Defendant's motion to dismiss the first amended complaint, and, after careful consideration of the parties' arguments and moving papers, and for the reasons set forth below, the Court DENIES Plaintiff's motion for a restraining order.

## I.    BACKGROUND

Plaintiff Roberto Filho alleges that he was unlawfully discriminated against by Defendant Karen Gansen based on disability, in violation of the Fair Housing Act ("FHA"). Plaintiff is a resident of the William Penn Hotel, which is managed by the Chinatown Community Development Center. Plaintiff alleges that he is a physically disabled person and that Defendant discriminated against him by making statements that he was mentally ill, accusing him of substance abuse, posting discriminatory advertisements and notices, illegally entering his room, and failing to make a reasonable accommodation for his physical disabilities by refusing to provide him with a private bathroom. (First Am. Compl., "FAC," Dkt. No. 24 at 3-13.) Plaintiff also alleges that Defendant's employees and other tenants physically and verbally attacked him and his service animal. *Id.*

Plaintiff filed his original complaint on January 16, 2018, and his first amended complaint

on April 2, 2018.

On April 26, 2018, Plaintiff filed a motion for a restraining order. (Pl.'s Mot., Dkt. No. 34.) On May 3, 2018, Defendant filed an opposition. (Def.'s Opp'n, Dkt. No. 36.) Plaintiff did not file a reply.

## II. LEGAL STANDARD

### A. Restraining Order

Federal Rule of Civil Procedure 65(b) allows a court to issue a temporary restraining order to prevent "immediate and irreparable injury, loss, or damage . . . to the movant." The standard for issuing a temporary restraining order is "substantially identical" to that of a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Thus, as the moving party, Plaintiff has the burden of establishing that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Klein v. City of San Clemente*, 584 F.3d 1196, 1199 (9th Cir. 2009) (internal quotation omitted). All four factors must be established for an injunction to issue. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

### B. Request for Judicial Notice

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a motion. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v.*

*United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

## III.    DISCUSSION

### A.    Request for Judicial Notice

As a preliminary matter, Defendant asks that the Court take judicial notice of four documents in support of her opposition: A) the May 3, 2007 prefiling order deeming Plaintiff a vexatious litigant, entered in San Francisco County Superior Case No. CGC06-458176; B) the August 16, 2007 prefiling order deeming Plaintiff a vexatious litigant, entered in San Francisco County Superior Case No. CGC06-455369; C) excerpts from the "Vexatious Litigants List," maintained by the California Administrative Office of the Courts (updated April 6, 2018), which contains Plaintiff's name; D) Chinatown Community Development Center, Inc.'s Certificate of Amendment and Restatement of Articles of Incorporation, filed with the California Secretary of State's Office on December 23, 1997. (Req. for Judicial Notice, "RJN," Dkt. No. 36-1," Exs. A-D.)

Plaintiff did not object to the request for judicial notice. The exhibits are true and correct copies of official public records, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b).

Accordingly, the Court GRANTS Defendant's request for judicial notice.

### B.    Merits

In making the motion, Plaintiff requests a restraining order and a request to order Defendant to produce for discovery all of the videos he has requested. (Pl.'s Mot. at 2.)

#### i.    Motion to Compel

As an initial matter, Plaintiff's apparent request to compel the production of videos that he has requested is procedurally improper, as not only has he not met and conferred with Defendant regarding discovery prior to filing the instant motion, the undersigned does not entertain motions to compel, so Plaintiff's request is DENIED. If Defendant has not timely responded to the discovery propounded, or Plaintiff believes that the responses are insufficient, Plaintiff is ordered to meet and confer with Defendant regarding the responses before seeking court intervention by way of joint letter. (*See* Judge Westmore's General Standing Order ¶ 13.)

### ii. Motion for a Restraining Order

In moving for a restraining order, Plaintiff argues that he verbally told Defendant to cease and desist, and that despite this "notice," Defendant continues to harass him and cause "extreme physical and emotional harm to [Plaintiff] and [his] medical service animal[.]" (Pl.'s Mot. at 2.) Plaintiff further alleges that defense counsel, Nathanial Dunn, is committing hate crimes against him, in violation of the Hate Crimes Act, 18 U.S.C. § 249. *Id.*

#### a. Hate Crimes Act

Plaintiff does not have standing to bring criminal charges against defense counsel. In fact, Plaintiff's attempts to do so appear to be in an effort to harass defense counsel, an assumption bolstered by Mr. Dunn's production of the 36 emails Plaintiff sent him between April 15, 2018 and April 22, 2018. (Decl. of Nathanial L. Dunn, "Dunn Decl.," Dkt. No. 36-2 ¶ 5, Ex. A.) Included are emails directed to federal law enforcement agencies and San Francisco District Attorney George Gascon regarding defense counsel, including threats of disbarment. (*See, e.g.,* Dunn Decl., Ex. A at A009, A013, A025, A032.) Plaintiff is advised against contacting law enforcement regarding Mr. Dunn. If Plaintiff continues to harass Mr. Dunn, he risks being declared a vexatious litigant in federal court.

#### b. Restraining Order

As an initial matter, Plaintiff has erroneously named Ms. Gansen as a defendant, so the Court will not enter a restraining order against her.

Notwithstanding, Plaintiff is unable to establish that he is likely to prevail on the merits, because his first amended complaint has been dismissed for failure to state a claim on the grounds that it does not comply with Federal Rules of Civil Procedure 8(a) and 10. *See Taimani v. Residential Mortg. Loan Tr. 2013-TT2*, No. 16-CV-02992-YGR, 2016 WL 9175877, at *3 (N.D. Cal. June 7, 2016)(improper to issue a temporary restraining order when the complaint fails to comply with Rule 8(a)). Moreover, the undersigned lacks subject matter jurisdiction to issue a restraining order because there is no operative complaint. *Buenrostro v. Castillo*, No. 1:14-CV-00075-BAM PC, 2014 WL 6801589, at *2 (E.D. Cal. Dec. 2, 2014)(citing *Zepeda v. United States Immigration and Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1983)).

Even if the operative complaint satisfied pleading standards, the undersigned is unlikely to grant a motion for a restraining order, because Plaintiff has not shown irreparable harm due to actions of the Chinatown Community Development Center.  To constitute irreparable harm, Plaintiff would have to explain what irreparable injury he is likely to suffer in the absence of an injunction against Defendant. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The incidents described, however, do not constitute irreparable harm by Defendant, because they were not committed by her or the Chinatown Community Development Center, and acts committed by others are insufficient to enjoin Defendant.  Thus, while the denial is without prejudice, Plaintiff is advised against filing another request for a restraining order in the future.

## IV.    CONCLUSION

In light of the foregoing, Plaintiff's motion for a restraining order is DENIED without prejudice.  Furthermore, Plaintiff's motion to compel is DENIED.

IT IS SO ORDERED.

Dated: June 4, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge