UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO FILHO,<br><br>  Plaintiff,<br><br>  v.<br><br>KAREN GANSEN, et al.,<br><br>  Defendants. | Case No. 4:18-cv-00337-KAW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 41 |

On July 13, 2018, Plaintiff Roberto Filho ("Plaintiff") filed his Second Amended Complaint. (Second Am. Compl., "SAC", Dkt. No. 40.) On July 30, 2018, Defendants Karen Gansen, Chinatown Community Development Center and William Penn Hotel ("Defendants") filed a Motion to Dismiss Plaintiff's Second Amended Complaint. (Defs.' Mot., Dkt. No. 41.) On August 13, 2018, Plaintiff opposed. (Pl.'s Opp'n, Dkt. No. 43.) Defendants replied on August 20, 2018. (Defs.' Reply, Dkt. No. 44.)

The Court finds this matter suitable for resolution without hearing pursuant to Civil Local Rule 7-1 (b), and hereby vacates the hearing initially set for September 20, 2018. (Dkt. No. 42.) Upon consideration of the parties' filings, and for the reasons stated below, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

Plaintiff asserts that he is a permanently handicapped individual who has a physical disability which substantially limits his life activity. (SAC ¶ 6.) Plaintiff also states that his disability is traumatic brain injury (TBI), specifically, "damage to the right frontal and hemisphere of the brain that causes short term memory loss, dizziness, falling to the ground, uncontrollable mobility to walk, work, performing manual tasks, lack of concentration, anxiety, speech impairment, human immunodeficiency virus, chronic fibrosis, stage 3 of liver scar tissue damage,

and damage to the bladder tissue, frequent urination, dehydration and fatigue." (*Id.* ¶ 7.) On January 16, 2018, Plaintiff filed a complaint against Karen Gansen, alleging that he was unlawfully discriminated against based on disability, in violation of the Fair Housing Act ("FHA"). (Compl., Dkt. No. 1.) On February 26, 2018, Defendant Karen Gansen filed a Motion to Dismiss Plaintiff's Complaint. (Dkt. No. 9.) Plaintiff responded to this Motion to Dismiss with the statement: "Plaintiff Robert Filho states that the complaint is good and ready and has enough facts in the complaint. The plaintiff states that if the Honorable Judge Westmore requires any changes to the compl[aint] the plaintiff asks the Honorable Judge Westmore to grant the plaintiff to amend the complaint." (Dkt. No. 13-1 at 2.) This was not treated as a request for leave to amend by the Court. Without obtaining leave to amend, Plaintiff filed his First Amended Complaint on April 2, 2018. (First Am. Compl., "FAC", DKt. No. 24.) On April 12, 2018, Defendant Karen Gansen filed a Motion to Dismiss Plaintiff's FAC. (Dkt. No. 30.) On June 4, 2018, the Court granted Defendant's Motion to Dismiss Plaintiff's FAC, without prejudice and with leave to amend. (Dkt. No. 38). On July 13, 2018, Plaintiff filed his SAC. (SAC.) In his SAC, Plaintiff only listed William Penn Hotel and Chinatown Community Development Center as Defendants, both in the header and in the list of the Defendants in paragraph 2. (SAC at 1, ¶ 2.) On July 30, 2018, Defendants filed a Motion to Dismiss Plaintiff's SAC. (Defs.' Mot.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court may also dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)).

Generally, if the court grants a motion to dismiss and dismisses a complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Moreover, dismissal with prejudice is proper only if amendment is futile or if the "complaint could not be saved by any amendment." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

### III. DISCUSSION

Plaintiff's SAC is a marked improvement from his FAC. Moreover, upon review, Plaintiff's SAC also sufficiently sets forth and alleges a valid FHA discrimination claim under the theories of disparate treatment and failure to provide reasonable accommodations, but not disparate impact. Consequently, Plaintiff's SAC still survives a Rule 12(b)(6) motion to dismiss because under the appropriate case law, ***only one*** of those above-mentioned three theories — (1) disparate treatment, (2) disparate impact, or (3) failure to provide reasonable accommodations — must be satisfied in order to proceed with a FHA discrimination claim past the pleading stage.

**A. Whether Plaintiff's SAC States a Cause of Action for Violation of the FHA**

A plaintiff can establish an FHA discrimination claim by showing: (1) disparate treatment or (2) disparate impact. *Avenue 6E Investments, LLC v. City of Yuma, Ariz.*, 818 F.3d 493, 502-503 (9th Cir. 2016); *Pac. Shores Properties, LLC v. City of Newport Beach*, 746 F.3d 936, 938 (9th Cir. 2014); *Gamble v. City of Escondido*, 104 F.3d 300, 304-05 (9th Cir. 1997). Alternatively, a plaintiff can also allege an FHA claim by: (3) proving that a defendant has failed to provide reasonable accommodations in "rules, policies, practices, or services, when such accommodations may be necessary to afford [a disabled] person equal opportunity to use and enjoy a dwelling." *Dubois v. Assoc. of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006) (citing 42 U.S.C. § 3604(f)(3)(B); 24 C.F.R. § 100.204); *Gamble*, 104 F.3d at 305 (citing *City of Edmonds v. Wash. State Bldg. Code Council*, 18 F.3d 802 (9th Cir. 1994)).

#### 1. Disparate Treatment

To allege discrimination under a theory of disparate treatment, the plaintiff generally must demonstrate that the defendant treated him differently from similarly situated persons because of

3

his membership in a protected group. *Pac. Shores,* 746 F.3d at 938. This may be, for example, the selective enforcement of an otherwise fairly-framed law or policy. *Id.* (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973)). Alternatively, a plaintiff can prove disparate treatment by providing direct or circumstantial evidence that impermissible discriminatory intent tainted the defendant's decisionmaking process. *Pac. Shores*, 746 F.3d at 938-39 (citing *Budnick v. Town of Carefree*, 518 F.3d 1109, 1114 (9th Cir. 2008) ("When disparate treatment is claimed…a plaintiff may also simply produce direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the challenged decision.")).

Defendant argues that Plaintiff's SAC makes no attempt to allege Defendant subjected him to disparate treatment, and that there are no factual allegations in the SAC which might support such a claim because Plaintiff's SAC does not allege that he was treated differently than any of the other tenants at his building due to his disability. (Defs.' Mot at 6.) Defendant also points out that Plaintiff's SAC also fails to allege sufficient factual matter to permit the inference that Defendant's actions were more likely than not motivated by discriminatory criteria, specifically, that Plaintiff was denied privileges given to other residents because of his disabilities. (*Id.*)

In response, Plaintiff states that he did allege facts showing disparate treatment in paragraph 12 (Pl.'s Opp'n at 5), which states that "there were two avail units, room 403 and room 421 with a room with a private bathroom and plaintiff states that the defendant knew the plaintiffs disability of bladder damage causing symptoms of chronic urination and diarrhea" of a high frequency[1] "that such reasonable accommodation will help the plaintiff to make it to the bathroom on time." (SAC ¶ 12.) Plaintiff also argues that other disabled tenants are currently living in their own rooms with a private bathroom, and that Defendants did not make any efforts to provide reasonable accommodations with a room having a private bathroom and hence, Plaintiff was left ignored. (Pl.'s Opp'n at 5.)

//

---

[1] Although Plaintiff mentions that he had urination and diarrhea at a frequency of "1000 times in a day" (SAC ¶ 12) (Pl.'s Opp'n at 3, ¶ 12) the Court notes that is physically and theoretically impossible. Thus, the Court will refer to Plaintiff's complained-of urination and diarrhea as occurring only at a "high frequency."

4

The Court finds that the Plaintiff has sufficiently alleged disparate treatment. Plaintiff alleges that Defendant gave other disabled tenants units with private bathrooms when they denied him such a unit, even when Plaintiff said there were available units (e.g., rooms 403 and 421) having private bathrooms. This is sufficient for alleging disparate treatment because Plaintiff need only plead facts showing that he was treated differently, e.g. denied available units with private bathrooms, on account of his disability. It also is irrelevant that other disabled tenants were given units with private bathrooms because those tenants were still simply other individuals who did not belong to the same protected class as Plaintiff did (e.g. a class of individuals having the disability of TBI and bladder damage resulting in frequent urination and/or diarrhea). Plaintiff can also still argue that he was treated differently than those disabled tenants due to having a different disability. Essentially, Plaintiff has adequately alleged here that Defendant is engaged in selective enforcement of the otherwise fairly-framed policy of distribution of units having private bathrooms. Moreover, even though Plaintiff is not required to do so in order to adequately plead disparate treatment because he has already shown different treatment from the Defendant compared to similarly situated persons due to his disability, Plaintiff has further alleged here that Defendant's decision to deny him a unit with a private bathroom was tainted by a discriminatory intent or reason because those units were available and given to other tenants.

### 2. Disparate Impact

To make out a prima facie case of disparate impact under the FHA, the City must show both a statistical disparity and a policy or policies that caused the disparity. *City of Los Angeles v. Bank of Am. Corp.*, 691 F. App'x 464, 465 (9th Cir. 2017) (citing *Tex. Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.,* 135 S.Ct. 2507, 2523 (2015)). In other words, to prevail on a disparate impact theory, plaintiffs must allege sufficient facts to support a prima facie case of discrimination, which consists of "(1) the occurrence of certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendants]'s facially neutral acts or practices." *Cabrera v. Alvarez*, 977 F. Supp. 2d 969, 976 (N.D. Cal. 2013) (citing *Gamble*, 104 F.3d at 306)).

//

Defendant argues that disparate impact claims must allege the occurrence of outwardly neutral practices with a significant adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices, and that Plaintiff's SAC makes no such allegations. (Def.'s Mot. at 6.)

In response, Plaintiff cites the same portion of his SAC as above. *See* (SAC ¶ 12.)

On balance, the Court finds that Plaintiff has not sufficiently plead disparate impact, primarily because even though Plaintiff might have pointed to Defendant's outwardly-neutral practices (e.g., denying units with private bathrooms to everyone if they are unavailable), Plaintiff has not provided any statistical data that shows a disproportionate impact on persons of a particular type (e.g., persons having the same disability as Plaintiff of TBI and bladder damage resulting in frequent urination and/or diarrhea) produced by Defendant's facially neutral acts or practices. Plaintiff's allegation that other disabled tenants were given units having private bathrooms does not establish a statistical disparity because those tenants, unlike Plaintiff, are not adversely or disproportionately impacted. Thus, Plaintiff must allege statistical data showing that others similarly situated to him, or having disabilities similar or the same to his, suffer an adverse or disproportionate impact due to Defendant's facially neutral acts or practices.

### 3. Failure to Reasonably Accommodate a Disability

To prevail on a FHA discrimination claim for failure to reasonably accommodate under 42 U.S.C. § 3604(f)(3), a plaintiff must prove all of the following elements: (1) that the plaintiff is handicapped within the meaning of the FHA or 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation. *Dubois v. Assoc. of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006) (citing 42 U.S.C. § 3604(f)(3)(B)).

Defendant argues that there are no facts pled in Plaintiff's SAC that demonstrate that his current room is not sufficiently close to the communal bathrooms of the building such that he cannot utilize the facilities. (Def.'s Mot. at 7.) For example, Defendants state that Plaintiff does not

allege that there are frequently lines at the communal bathrooms and he cannot hold his urges long enough to wait, or that the communal bathrooms are too far away from his unit for him to get to when an urge to use the bathroom arises or that he must use the bathroom with such urgency that a private bathroom is a medical necessity. (*Id.*) As a result, Defendants argue that absent this showing of necessity, Plaintiff cannot show that Defendants discriminated against him by denying his request for a unit with a private bathroom. (*Id.*) Defendants assert that while the luxury of an in-unit bathroom is something that any resident might benefit from, Plaintiff has not alleged facts which demonstrate that such an accommodation in this case was *necessary*. (*Id.*)

In response, Plaintiff states that at least in paragraphs 8, 10, 11, and 12, he provided enough facts to state the cause of action of failure to provide reasonable accommodations. (Pl.'s Opp'n at 4.) In those paragraphs and in the rest of his SAC, Plaintiff mentions:

(1) Plaintiff suffered from a handicap as defined by the FHA (*Id.* at ¶ 7) (stating his disability is traumatic brain injury or TBI);

(2) Defendants knew or reasonably should have known of Plaintiff's handicap (*Id.* at ¶ 8) (stating in his written request for a reasonable accommodation of a room with a private bathroom to resident site manager Fowzia Amar, he attached a medical doctor letter for this reasonable accommodation); (*Id.* at ¶ 9) (stating that he submitted to the Defendants in writing his disability at the time he moved into the William Penn Hotel on October 15, 2015);

(3) Accommodation of the handicap is necessary to afford Plaintiff an equal opportunity to use and enjoy the dwelling (*Id.* ¶ 10) (stating that accommodation of his disability is necessary to afford an equal opportunity to use and enjoy his dwelling due to his medical condition which leads to frequent and often uncontrolled urination - thus, a bathroom in very close proximity is essential);

(4) The accommodation was reasonable (*Id.* at 11) (stating that on November 14, 2017, resident site manager Fowzia Amar verbally informed plaintiff that they refused a *reasonable* accommodation with a room having a private bathroom and that there were no available units); and

//

7

1 (5) Defendants refused to make such accommodation (*Id.* at ¶ 11) (stating that on November 14, 2017, resident site manager Fowzia Amar verbally informed plaintiff that they refused a reasonable accommodation with a room having a private bathroom and that there were no available units); (*Id.* at ¶ 12) (stating that he was aware that there were two available units, room 403 and room 421, both with private bathrooms and that Defendants knew of his disability of bladder damage causing symptoms of chronic urination and diarrhea of a high frequency in a day and night that such reasonable accommodations would help him to make it to the bathroom on time).

Upon analysis of Plaintiff's SAC, the Court finds that Plaintiff has adequately alleged a discrimination claim under the FHA for failure to reasonably accommodate. As demonstrated immediately above, Plaintiff had sufficiently pled and alleged all five of the requisite components for establishing a claim that Defendant has failed to provide reasonable accommodations. The Court also finds Defendant's arguments unavailing because it would be unduly burdensome for Plaintiff to prove at the pleading stage, especially without the benefit of discovery, the conditions that Defendant asks Plaintiff to proffer here (e.g. there are frequently lines at the communal bathrooms and he cannot hold his urges long enough to wait, that the communal bathrooms are too far away from his unit for him to get to when an urge to use the bathroom arises, and that he must use the bathroom with such urgency that a private bathroom is a medical necessity).

**B. Whether Defendant Karen Gansen Remains in the Action**

Defendant states that Defendant Karen Gansen was not named as a defendant in the SAC and there are no allegations specifically made against her, thus, Plaintiff's claims against Karen Gansen are dismissed as a matter of law as she is no longer a party to this action. (Defs.' Mot. at 7.) In response, Plaintiff states that "in 2nd Amend Complaint Karen Gansen is not listed as the defendant [and the] only two defendants listed are William Penn Hotel and Chinatown Community Development Center." (Pl.'s Opp'n at 4.)

The Court interprets this as an agreement between the parties that Karen Gansen should be dismissed from this action. Accordingly, Defendant Karen Gansen is dismissed.

//

## IV. CONCLUSION

Accordingly, for the aforementioned reasons, the Court hereby:

GRANTS Defendants' Motion to Dismiss Plaintiff's SAC with respect to pleading disparate impact for Plaintiff's First Claim under the FHA; and

DENIES Defendants' Motion to Dismiss Plaintiff's SAC with respect to pleading (i) disparate treatment and (ii) failure to reasonably accommodate for Plaintiff's First Claim under the FHA. Moreover, because Plaintiff has sufficiently alleged an FHA claim under the two theories of (i) disparate treatment and (ii) failure to reasonably accommodate, leave to amend pleading the disparate impact theory is not warranted.

Furthermore, the claims against Defendant Karen Gansen are hereby DISMISSED WITH PREJUDICE and Defendant Karen Gansen is also hereby DISMISSED from this case.

Defendant shall file an Answer to Plaintiff's SAC no later than 14 days from the date of this Order.

IT IS SO ORDERED.

Dated: October 19, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge